Willard Lee Meade pled guilty to first degree felony rape, a violation of R.C. 2907.02(A)(1)(b). The Scioto County Court of Common Pleas accepted Meade's plea, found him guilty, determined him to be a sexual predator, sentenced him to five years incarceration, and fined him five hundred dollars. Meade does not appeal his conviction or sentence, but appeals the trial court's classification of him as a sexual predator. Meade asserts that he did not receive adequate notice of the sexual predator classification hearing. We agree, but find that the error did not prejudice Meade, because he did not object to the hearing, was prepared for it, and had knowledge via R.C.2950.09(B) that the hearing would be conducted prior to, and possibly in conjunction with, his sentencing hearing. Meade also asserts that R.C. 2950.09 is unconstitutionally vague. We disagree, and find that R.C. 2950.09 articulates precise standards to avoid arbitrary or discriminatory application. Finally, Meade asserts that his classification as a sexual predator is against the manifest weight of the evidence. We disagree, and find that competent, credible evidence supports the trial court's determination. Accordingly, we affirm the judgment of the trial court.
 I.
During a visit to her mother's home, Megan, a seven year old girl, was alone in a room with Meade, her mother's boyfriend. Megan's mother heard Megan gagging and rushed into the room. She observed Megan pulling away from Meade and Meade zipping up his pants. Megan's mother asked Meade to leave and alerted police.
In a videotaped interview with a police detective, Meade acknowledged that Megan gagged because he was pulling her toward him, forcing her to perform fellatio on him. Pursuant to plea negotiations, Meade pled guilty to first degree felony rape on October 31, 1997. The trial court deferred sentencing and ordered a presentence investigation.
The trial court scheduled sentencing for January 30, 1998. Just prior to the sentencing hearing, without objections from either party, the trial court conducted a sexual predator hearing. The state argued, based upon the description of the rape as described by Meade in his statement and the age of the victim, that the trial court should classify Meade as a sexual predator. Meade urged the court not to classify him as a sexual predator, citing the fact that he had no prior sexual offense convictions, he was twenty-five years old at the time of the offense, and he had a mental disability. The trial court determined that Meade is a sexual predator. The trial court then conducted the sentencing hearing, and sentenced Meade to serve five years incarceration and pay a five hundred dollar fine.
Meade appeals the trial court's determination that he is a sexual predator, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED IN CONTRAVENTION OF DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW BY NOT PROVIDING ADEQUATE NOTICE OF THE SEXUAL PREDATOR CLASSIFICATION HEARING.
 II. SECTION 2950.09(C) OF THE OHIO REVISED CODE IS UNCONSTITUTIONALLY VAGUE, BOTH ON ITS FACE AND AS APPLIED, INSOFAR AS IT FAILS TO PROVIDE SPECIFIC GUIDANCE TO THE TRIAL COURT AS TO DETERMINING WHETHER OR NOT A DEFENDANT IS A SEXUAL PREDATOR, AND IT FURTHER FAILS TO SPECIFICALLY ALLOCATE THE BURDEN OF PROOF.
 III. THE TRIAL COURT'S CLASSIFICATION OF THE DEFENDANT-APPELLANT AS A SEXUAL-PREDATOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II.
In his first assignment of error, Meade contends that the trial court deprived him of due process by failing to notify him of the sexual predator classification hearing. At the sexual predator hearing, Meade did not object to the trial court's failure to give him notice. Thus, Meade can only prevail on appeal if the trial court's error amounted to plain error. Crim.R. 52(B) allows reviewing courts to review plain errors or defects that were not brought to the attention of the lower court. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.State v. Long, (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
R.C. 2950.09(B)(1) states that the court must give the defendant and the prosecutor notice of the time, date, and place of the sexual predator classification hearing, and clearly implies that the notice should be written and included in the record. R.C. 2950.09(B)(1) also provides that the trial court "shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing." The record reflects that Meade did not receive written notice of the hearing in this case.
The state argues that Meade had constructive notice of the sexual predator hearing in this case via R.C. 2950.09(B)(1), and that Meade was not prejudiced by the trial court's failure to provide written notice to Meade. We agree. Meade neither objected to the sexual predator classification hearing, nor expressed surprise or confusion when the court began the hearing. Meade's counsel was prepared for the hearing; he presented evidence on Meade's behalf with respect to the factors enumerated in R.C. 2950.09(B)(2). Therefore, although we find that the trial court erred by failing to provide Meade with written notice of the sexual predator classification hearing, the error did not prejudice Meade.
Accordingly, we overrule Meade's first assignment of error.
 III.
In his second assignment of error, Meade contends that R.C.2950.09(C) is unconstitutionally vague. At the outset, we note that Meade was never subject to R.C. 2950.09(C). R.C.2950.09(C) does not apply to individuals who were sentenced on or after the effective date of R.C. 2950.01 et seq., January 1, 1997. The trial court sentenced Meade on January 30, 1998, over a year past the effective date. Thus, Meade does not possess standing to object to the constitutionality of R.C. 2950.09(C). Because Meade's argument regarding his second assignment of error focuses on the constitutionality of R.C. 2950.09
generally, rather than on R.C. 2950.09(C) specifically, in the interest of justice we will address the constitutionality of those portions of R.C. 2950.09 which apply to Meade.
It is well established that all legislative enactments must be afforded a strong presumption of constitutionality.State v. Anderson (1991), 57 Ohio St.3d 168, 171; State v.Tanner (1984), 15 Ohio St.3d 1, 2. Moreover, if at all possible, statutes must be construed to conform with the Ohio and United States Constitutions. See Tanner at 2, citing R.C.1.47. The party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail.
The void for vagueness doctrine does not require the legislature to draft statutes with scientific precision.Anderson at 174. In examining a statute for vagueness, we must measure it against three functions identified by the United States Supreme Court. Papachristou v. City of Jacksonville
(1972), 405 U.S. 156. First, the statute must provide fair warning to those subject to it, so individuals may behave in accordance with it. Tanner at 3. Second, the statute must be sufficiently precise to preclude arbitrary, capricious and generally discriminatory enforcement. Id. Finally, the statute must provide assurance that it will not unreasonably impinge upon fundamental constitutionally protected freedoms. Id.
Meade complains that R.C. 2950.09 does not provide sufficient guidance to the trial court to avoid arbitrary and discriminatory enforcement. However, R.C. 2950.09(B)(2) explicitly sets forth factors which the trial court must consider when deciding whether or not a particular defendant is a sexual predator pursuant to R.C. 2950.09. Each of the factors under R.C. 2950.09 is factually based. While the factors give the court the flexibility necessary to Determine whether an offender is a sexual predator on a case-by-case basis, they are not so flexible as to allow the court to find a sexual predator in every situation. Thus, we agree with the numerous other appellate districts in Ohio which have found that the factors articulated in R.C. 2950.09 are specific enough to preclude arbitrary application. See State v. Kanavel (Feb. 12, 1999), Lucas App. No. L-97-1455, unreported; State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; State v.Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported; State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported.
Accordingly, we overrule Meade's second assignment of error.
 IV.
In his final assignment of error, Meade contends that the trial court's determination classifying him as a sexual predator is against the manifest weight of the evidence. Specifically, Meade asserts that the trial court should not have labeled him a sexual predator because this is his first sexual offense conviction and because the trial court heard no testimony indicating that he is likely to engage in future sexual offenses.
In a sexual predator proceeding, R.C. 2950.09(B)(3) requires that the trial court use the "clear and convincing evidence" standard of proof. Thus, a reviewing court must examine the record to determine if the trier of fact had sufficient evidence before it to satisfy the "clear and convincing" standard of proof. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368. The words "clear and convincing" mean:
 That measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as * * * 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. (Citations omitted.)
State v. Schiebel (1990), 55 Ohio St.3d 71, 74. We should not re-weigh the evidence, and should affirm the judgment of the trial court faced with a "clear and convincing" burden when the record contains competent, credible evidence that goes to all the essential elements of the case. Id.; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, quoting C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279.
The factors which the trial court must consider under R.C.2950.09(B)(2) are as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The purpose of considering the above factors is to assist the court in determining whether the offender is likely to commit sexual offenses in the future. State v. Dunn (June 17, 1998), Pickaway App. No. 97CA26, unreported. The trial court may designate even first time sexual offenders as sexual predators if the enumerated factors indicated that the offender is likely to commit sexual offenses in the future. See Dunn, supra; Statev. Watts (May 29, 1998), Montogmery App. No. 16738, unreported. Additionally, the state need not present expert testimony in order for the trial court to determine that an offender is a sexual predator. Dunn, supra; Watts, supra.
In this case, the prosecutor made statements regarding each factor listed in R.C. 2950.09(B)(2), but called no witnesses. Meade's counsel responded with a statement. The trial court properly considered these statements because the Ohio Rules of Evidence do not apply in sentencing proceedings. See Evid.R. 101(C)(3). Thus, the trial court heard evidence regarding Meade's likliness to commit future sexual offenses before it classified Meade as a sexual predator.
The competent, credible evidence produced at the sexual predator hearing supporting the trial court's ruling includes: (1) Meade was twenty-five years old at the time of the offense, old enough to appreciate the nature of his conduct; (2) Meade has several prior criminal convictions; (3) Meade's victim was only seven years old; (4) the nature of Meade's behavior was exploitive, in that he used the trust placed in him by virtue of his relationship with the victim's mother to isolate his victim, and uncontrollable, in that he forced the sexual contact when the victim's mother was as close as the next room; (5) Meade displayed cruelty in that he caused his victim to gag; and (6) Meade's history of drug abuse indicates that he possesses behavioral characteristics which contribute to criminal conduct.
We find that competent, credible evidence in the record supports the trial court's determination that Meade is likely to engage in sexual offenses in the future. Hence, the trial court's determination that Meade is a sexual predator is not against the manifest weight of the evidence.
Accordingly, we overrule Meade's final assignment of error.
 V.
In conclusion, we find that the trial court erred by failing to provide Meade with notice of his sexual predator hearing, but Meade suffered no prejudice as a result of that error. We also find that R.C. 2950.09 is not unconstitutionally vague. Finally, we find that the trial court's ruling that Meade is a sexual predator is supported by competent, credible evidence in the record.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.